FILED
JUN 23 2020
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 20-139 |
| ) | [UNDER SEAL] |
| EDWIN ERENESTO VELASQUEZ PENATE ) | |
| a/k/a R.L. ) | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Cindy K. Chung Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a one-count Indictment against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Identity Theft – Fraudulent Transfer, Possession, or Use of a Means of Identification<br>On or about June 30, 2015 | 18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D) |

### II. ELEMENTS OF THE OFFENSE

**As to Count 1:** In order for the crime of Identity Theft, Fraudulent Transfer, Possession, or Use of a Means of Identification, in violation of 18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

    1. The defendant knowingly transferred, possessed or used, without lawful authority, a means of identification of another person.

2.  The defendant did so with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of federal law, or that constitutes a felony under any applicable state or local law.

3.  The transfer, possession or use of the means of identification was in or affected interstate commerce.

4.  The offense involved the transfer, possession or use of one (1) or more means of identification and resulted in the defendant obtaining anything of value aggregating $1,000 or more during any one (1) year period.

> 18 U.S.C. §§ 1028(a)(7) & (b)(1)(D); Apprendi v. New Jersey, 530 U.S. 466 (2000).

### III. PENALTIES

**As to Count 1: Identity Theft, Fraudulent Transfer, Possession, or Use of a Means of Identification, in violation of 18 U.S.C. §§ 1028(a)(7) and 1028(b)(1)(D):**

1.  A term of imprisonment of not more than fifteen (15) years (18 U.S.C. § 1028(b)(1)(D)). If the offense did not result in the defendant obtaining anything of value aggregating $1,000 or more during any one (1) year period, then not more than five (5) years (18 U.S.C. § 1028(b)(2));

2.  A fine not more than the greater of:

    (a) $250,000 (18 U.S.C. § 3571(b)(3));

    or

    (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    3.    A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2));

    4.    Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution may be applicable in this case.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

*/s/ Cindy K. Chung*
CINDY K. CHUNG
Assistant U.S. Attorney
PA ID No. 317227